5/15/2014                    ENTERED NOV 0 7 2014

STATE OF MAINE                          MAINE DISTRICT COURT
CUMBERLAND, SS.                          LOCATION: PORTLAND
                                         CIVIL ACTION
                                         DOCKET NO: RE-13-316

Nationstar Mortgage, LLC,                EPE -CWM- D5-15-14
a corporation duly organized and
existing under the laws of the State of Delaware,
having a place of business in Lewisville, Texas,

         Plaintiff

                                         JUDGMENT OF DEFAULT AND
v.                                       FORECLOSURE AND SALE

Andrew K. Cooper,
of Gorham, Cumberland County, Maine,

         Defendant                       STATE OF MAINE
                                         Cumberland, ss, Clerk's Office
And
                                              MAY 15 2014
Raina Lee Cooper,
of Gorham, Maine                              RECEIVED

         Party-in-Interest

And

Mortgage Electronic Registration Systems, Inc.,
of Danville, Illinois

         Party-in-Interest

And

Ford Motor Credit Company LLC,
of Kennebunk, Maine

         Party-in-Interest

                                         TITLE TO REAL ESTATE LOCATED AT
                                         21 BALL PARK ROAD, GORHAM,
                                         CUMBERLAND COUNTY, MAINE IS INVOLVED

         After notice and on affidavits, the Court finds there is cause for granting Plaintiff's

Motion for Summary Judgment and the Court specifically finds there has been a breach of

conditions in the Plaintiff's mortgage.

1. On or about December 18, 2006, the Defendant executed and delivered to Fremont Investment & Loan a certain promissory note for the sum of $168,000.00, a copy of which is attached to Affidavit of Jerrell Menyweather as Exhibit A endorsed in blank and made payable to Plaintiff as holder of the Note (hereinafter referred to as the "Note") and a Mortgage of even date to Mortgage Electronic Registration Systems, Inc., as Nominee for Fremont Investment & Loan, as lender to secure said Promissory Note, which mortgage deed is recorded in the Cumberland County Registry of Deeds at Book 25455, Page 43, a copy of which is attached to Affidavit of Jerrell Menyweather as Exhibit B. Reference is made to Exhibit B for a description of the mortgaged real estate. Said Mortgage Electronic Registration Systems, Inc., as Nominee for Fremont Investment & Loan assigned its interest in and to said mortgage to said Plaintiff by Assignment dated June 6, 2013 and recorded at said Registry of Deeds in Book 30747, Page 128, a copy of which is attached to Affidavit of Jerrell Menyweather as Exhibit C. Said Mortgage was modified by a Loan Modification Agreement dated March 3, 2009, wherein said Modification agreement temporarily reduced the interest rate for a period of 12 months a copy of which is attached to Affidavit of Jerrell Menyweather as Exhibit D. Said Mortgage was modified by a Loan Modification Agreement dated June 17, 2010, wherein said Modification agreement temporarily reduced the interest rate for a period of 24 months, a copy of which is attached to Affidavit of Jerrell Menyweather as Exhibit E. Said Mortgage was modified by a Loan Modification Agreement dated December 10, 2010, wherein said Modification agreement modified the principal balance from $168,000.00 to $171,435.60 and temporarily reduced the interest rate for a period of 24 months, a copy of which is attached to Affidavit of Jerrell Menyweather as Exhibit F. Plaintiff certifies that it is the holder of the Note, Mortgage and Loan Modifications referenced herein. The property that is the subject of this action is described as follows:

(Please see attached legal description.)

2. As of February 20, 2014, the amounts due the Plaintiff under the terms of the Note and the Mortgage were:

| | |
|---|---|
| Principal balance: | $ 168,076.88 |
| Accrued interest: | $ 9,166.90 |
| Escrow Advance: | $ 1,722.78 |
| Corporate Advance: | $ 87.45 |

Total due as of February 20, 2014        $ 179,054.01

Additionally, as of March 13, 2014, attorney's fees and costs are due in the amount of $1,806.22. Additional interest is accruing on the principal balance from said date at the rate of 6.800% per annum.

3.      The Plaintiff anticipates that additional disbursements will be made for real estate taxes, hazard insurance, property maintenance expenses and attorney's fees for services rendered during the foreclosure process and all other expenses allowed under the note and mortgage.

4.      The Defendant is presently in default on the note, the payment for June 1, 2013 still remaining due, and therefore has breached the conditions of the mortgage.

5.      Plaintiff certifies that on July 17, 2013, the Defendant was mailed by regular mail, with a certificate of mailing to both the property address and his mailing address and notified in strict compliance with 14 M.R.S.A. §6111, as that statute was in effect at the time of the demand letter, that said Note was in default, and demanded payment thereon, but the Defendant has failed and refused to cure said default, and the Plaintiff has exercised this option to declare the entire principal amount outstanding, accrued interest thereon, and all other sums due under the Note to be due and payable which is in compliance with the Fair Debt Collections Practices Act, 15 U.S.C. 1601.

6.      Parties and appearances to the within action:

|  | **PARTIES** | **COUNSEL** |
|---|---|---|
| **PLAINTIFF:** | Nationstar Mortgage LLC<br>350 Highland Drive<br>Lewisville, TX 75067 | Jonathan M. Flagg, Esq.<br>93 Middle Street<br>Portsmouth, NH 03801<br>(603) 766-6300 |
| **DEFENDANT:** | Andrew K. Cooper<br>18 Sanborn Street<br>Gorham, ME 04038 | Not Appeared |

**PARTIES-IN-INTEREST:** Raina Lee Cooper   Not Appeared
18 Sanborn Street
Gorham, ME 04038

Mortgage Electronic Registration  Not Appeared
Systems, Inc.
1901 E Voorhees Street, Suite C
Danville, IL 61834

Ford Motor Credit Company LLC  Terese L. Fitzpatrick, Esq.
c/o Terese L. Fitzpatrick, Esq.   62 Portland Road, Suite 1
62 Portland Road, Suite 1    Kennebunk, ME 04043
Kennebunk, ME 04043

7. Pursuant to Rule 4(c)(2) of the Maine Rules of Civil Procedure, the Defendant was served by a sheriff in the county in which he resides with the Complaint for Foreclosure by Civil Action. The Defendant, Andrew K. Cooper, was served in-hand on October 7, 2013, with a copy of said Complaint. The Party-in-Interest, Raina Lee Cooper, was served in-hand on October 7, 2013, with a copy of said Complaint. The Party-in-Interest, Mortgage Electronic Registration Systems, Inc., was served on October 16, 2013, with a copy of said Complaint. The Party-in-Interest, Ford Motor Credit Company LLC, accepted service through their counsel on October 8, 2013, with a copy of said Complaint.

8. The order of priority of the liens is:

a. First, mortgage to Nationstar Mortgage LLC on its mortgage dated December 18, 2006 in the principal amount of $168,000.00, plus interest and costs along with Attorney's fees and costs all of which continue to accrue as set forth above.

b. Second, Ford Motor Credit Company LLC by virtue of a Writ of Execution in the amount of $3,259.54, dated September 3, 2008 and recorded in said Registry of Deeds at Book 26363, Page 301; with amount owed as October 8, 2013 being $1,191.37 pursuant to Affidavit Regarding Monies Due filed with the Court

c. Third, Andrew K. Cooper.

9. This Court finds there is satisfactory evidence that the Defendant and Parties-In-Interest were properly served with a copy of the Summons and Complaint according to Maine

Rules of Civil Procedure and that the Defendant, Andrew K. Cooper and Parties-In-Interest, Raina Lee Cooper and Mortgage Electronic Registration Systems, Inc. have failed to plead, appear or otherwise defend any aspect of this action. The Court also finds that the default of the Defendant, Andrew K. Cooper and Parties-In-Interest, Raina Lee Cooper and Mortgage Electronic Registration Systems, Inc. has been duly and properly entered by the Clerk as requested by the Plaintiff and that the Defendant, Andrew K. Cooper and Parties-In-Interest, Raina Lee Cooper and Mortgage Electronic Registration Systems, Inc. have not taken any action since the entry of the respective defaults. Accordingly, a judgment by default shall be and is hereby entered in favor of the Plaintiff against the Defendant, Andrew K. Cooper and Parties-In-Interest, Raina Lee Cooper and Mortgage Electronic Registration Systems, Inc. and as hereinafter set forth.

WHEREFORE, it is hereby expressly directed that an entry of Judgment of Foreclosure and Sale be made in favor of the Plaintiff on its Complaint for Foreclosure by Civil Action and, therefore, it is hereby ordered and decreed that if the Defendants, their heirs and assigns, do not pay to the Plaintiff, its successors and assigns, the amount of the total claim due together with accrued interest and other charges as set forth above within ninety (90) days of the date hereof, then the Plaintiff, its successors and assigns, shall be entitled to exclusive possession of the real estate, that a Writ of Possession shall issue and Plaintiff may sell Defendant's and any Party-In-Interest's entire real estate pursuant to 14 M.R.S.A. §6321 et seq. and disburse the proceeds of the sale, after deducting the expense thereof, first to the Plaintiff, its successors and assigns, in the amount of the total claim due plus accrued interest and other charges to the date of the sale on its mortgage then to the junior lien holders as proceeds may allow as their obligations are noted above. Then, should there be any surplus funds remaining, said surplus shall be turned over to the Defendant.

As permitted in Rule 54(b)(1) and finding that there is no just reason for delay, this judgment shall be entered as a final judgment as to the claims and parties involved notwithstanding the existence and/or pendency of any other claim(s), counterclaim(s) or crossclaim(s).

The Plaintiff shall be responsible for preparing and providing the Court with the

recording of the Judgment.

An execution shall issue against Defendant for any deficiency, provided the requirements are met, but that no deficiency shall issue against any Defendant who receives a discharge in bankruptcy for a petition filed after the date of the Mortgage, nor shall a deficiency issue against anyone who did not actually execute a promissory note or other document creating an obligation to pay. This order may be incorporated by reference on the docket pursuant to Rule 79(a) M.R.Civ.P.

Dated: 5|15|14

_____
Judge, District Court

Date Docketed by the Court: May 15, 2014

Once the 21-day appeal period has expired, please complete the following section and return an attested copy hereof to: Flagg Law, PLLC, 93 Middle Street, Portsmouth, NH 03801, for recording with the Registry of Deeds.

I, _____, Deputy Clerk of the Maine District Court, Division of Southern Cumberland, do hereby certify that the appeal period expired in this matter on _____, with no appeal taken.

Dated:_____

_____
, Deputy Clerk
Maine District Court
Division of Southern Cumberland

## Exhibit A

THE LAND IN GORHAM, COUNTY OF CUMBERLAND, AND STATE OF MAINE, DESCRIBED AS FOLLOWS:

A CERTAIN LOT OR PARCEL OF LAND, TOGETHER WITH ANY BUILDINGS AND IMPROVEMENTS THEREON, SITUATED IN THE TOWN OF GORHAM, COUNTY OF CUMBERLAND, AND STATE OF MAINE BEING MORE PARTICULARLY DESCRIBED:

A CERTAIN LOT OR PARCEL OF LAND TOGETHER WITH THE BUILDINGS THEREON SITUATED IN THE TOWN OF GORHAM, COUNTY OF CUMBERLAND AND STATE OF MAINE ON THE EASTERLY SIDE OF PARK STREET, BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING ON THE EASTERLY SIDE LINE OF PARK STREET AT A POINT WHERE SAID SIDE LINE INTERSECTS THE SOUTHERLY BOUNDARY OF LAND OF THE TOWN OF GORHAM;

THENCE RUNNING EASTERLY BY LAND OF SAID TOWN OF GORHAM TWO HUNDRED FIVE (205) FEET TO A POINT;

THENCE SOUTHERLY PARALLEL WITH SAID PARK STREET ONE HUNDRED (100) FEET TO LAND NOW OR FORMERLY OF ONE DUGAS;

THEN WESTERLY ALONG LAND OF SAID DUGAS AND NOW OR FORMERLY OF ONE SOUCI TWO HUNDRED FIVE (205) FEET TO SAID PARK STREET;

THENCE NORTHERLY ALONG THE SIDE LINE OF SAID STREET ONE HUNDRED (100) FEET TO THE POINT OF BEGINNING.

Commonly known as 21 Ball Park Road Gorham, ME 04038
However, by showing this address no additional coverage is provided.

Received
Recorded Register of Deeds
Sep 10,2007 11:59:53A
Cumberland County
Pamela E. Lovley